### ELLICO v. UNITED STATES.

### CARDINAL v. SAME.

Circuit Court of Appeals, Sixth Circuit.
May 13, 1927.

Nos. 4698, 4699.

1. **Witnesses** ⟨⟩374(1)—Evidence that witness in liquor case offered not to testify, if defendants would buy his property, is admissible on credibility.

Evidence that government's witness in liquor case offered to go away and not testify, if defendants would buy his property, is admissible as touching his credibility.

2. **Criminal law** ⟨⟩921—In liquor case, excluding admissible testimony on credibility of witness otherwise discredited held not to require new trial (Comp. St. § 1246).

Rejection in liquor case of testimony admissible as to government witness' credibility *held* not prejudicial error, requiring new trial, under Judicial Code, § 269 (Comp. St. § 1246), empowering courts to grant new trials, where other evidence discredited witness, and it was not reasonable to suppose the excluded proof would have affected verdict.

In Error to the District Court of the United States for the Western District of Michigan; Fred M. Raymond, Judge.

Henry Ellico and William Cardinal were convicted in separate cases involving unlawful sales of intoxicating liquor, and they bring error. Judgments affirmed.

O. J. Larson, of Duluth, Minn., for plaintiffs in error.

Edw. J. Bowman, U. S. Atty., of Grand Rapids, Mich., for the United States.

Before DENISON and MOORMAN, Circuit Judges, and GORE, District Judge.

PER CURIAM. [1] In these cases, which involve unlawful sales of intoxicating liquor, the government's witness, Van, who had assisted the prohibition officer in getting the evidence, testified to the facts of the sales charged. Later the defendants offered evidence that Van had proposed that, if they would buy his property, so he could be able to go away, he would go and would not testify. This, with other similar evidence, was excluded. While such a proposition might imply only that he was reluctant to appear as a witness and tell the truth, it was also open to an implication that his testimony would be affected by their willingness to do him a financial favor; and, as in every such situation, there lurked a threat that by his conduct and testimony as a witness he would reward or punish. A willingness to disappear corruptly is of the same class as a willingness to testify corruptly, although the discrediting effect is more uncertain and remote. Such testimony so touches the specific credibility of a witness that it is admissible.

[2] It does not follow that its rejection will always be prejudicial error under section 269 of the Judicial Code (Comp. St. § 1246). In this case Van's testimony was only confirmatory of that of the seemingly credible prohibition agent; Van was a "stool pigeon" who, for pay, was helping to get his old friends into trouble; he had several times said that on this occasion he had been so drunk that he could not remember what happened; he was thus thoroughly discredited; any additional, possible, though uncertain, discredit arising from his offer not to testify, was not likely to have additional substantial effect; the jury evidently believed the prohibition agent; it is not reasonable to suppose that the excluded proof would have affected the verdict. Hence we conclude that a new trial is not mandatory.

We have examined all the errors assigned; but the others are so far immaterial, or so completely covered by our familiar earlier rulings, that they do not need attention.

The judgment in each case is affirmed.